**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD EVERETT, | No. 17-16619 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-01285-AWI-MJS |
| v. | |
| M. BLACK, ISU Officer, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

California state prisoner Ronald Everett appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process

violations in connection with disciplinary proceedings. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Osborne v. Dist. Attorney's Office for Third Judicial Dist.*, 423 F.3d 1050, 1052 (9th Cir. 2005) (dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

To the extent that success on Everett's due process claims stemming from his 2008 disciplinary hearing would necessarily imply the invalidity of his disciplinary conviction that resulted in the loss of good-time credits, Everett's claims are barred by *Heck*, because Everett failed to allege facts demonstrating that his disciplinary sentence has been invalidated. *See Heck*, 512 U.S. at 486-87 (barring § 1983 claims which, if successful, "would necessarily imply the invalidity" of an inmate's conviction or sentence, unless inmate demonstrates that the conviction or sentence has been invalidated); *see also Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997) (challenge to loss of good-time credits not cognizable under § 1983). We treat the dismissal of these claims as a dismissal without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (*Heck* dismissals are without prejudice).

To the extent that success on Everett's due process claims would not necessarily imply the invalidity of his disciplinary conviction, dismissal was proper because Everett failed to allege facts sufficient to show a due process violation

17-16619

arising from his placement in administrative segregation. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (liberty interest arises only when restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (describing due process notice requirements for inmate placement in administrative segregation), *abrogated in part on other grounds by Sandin*, 515 U.S. 472.

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

3